# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 9, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MAMIE HARRIS, WIDOW OF
FRED C. HARRIS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0066** (BOR Appeal No. 2047447)
(Claim No. 2010098966)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CANNELTON INDUSTRIES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mamie Harris, widow of Fred C. Harris, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 18, 2012, in which the Board affirmed a June 28, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 30, 2010, decision which denied a request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harris, a coal miner, developed occupational pneumoconiosis in the course of his employment. He passed away on June 15, 2009. The Occupational Pneumoconiosis Board concluded on June 6, 2010, that occupational pneumoconiosis was not a material, contributing factor in Mr. Harris's death. It noted that a May 18, 2009, chest x-ray revealed congestive heart failure but showed no definite evidence of occupational pneumoconiosis. A record review was performed by Dominic Gaziano, M.D., in January of 2011, in which he determined that while Mr. Harris suffered from severe heart disease, his death was solely the result of respiratory problems. He opined that the cancer seen in the lymphatic vessels was limited and while it contributed to the death, it was not, in and of itself, sufficient to cause the death. He asserted that Mr. Harris died as the result of bronchial and lung infections resulting in pneumonia and bronchitis. This was superimposed on marked simple occupational pneumoconiosis with a tendency to coalesce but not reaching the level of complicated occupational pneumoconiosis. Dr. Gaziano concluded that occupational pneumoconiosis was a very significant contributory factor in Mr. Harris's death.

Donald Rasmussen, M.D., concurred with Dr. Gaziano's findings in a record review dated May 12, 2011. Dr. Rasmussen opined that Mr. Harris's occupational pneumoconiosis was a major cause of his fatal chronic lung disease. He stated that Mr. Harris had mild impairment prior to his termination of employment and it is well known that coal mine dust retained in the lungs can cause progressive impairment in lung function over time. Coal mine dust is also a potential cause of emphysema. He asserted that Mr. Harris's occupational pneumoconiosis clearly made his lungs significantly more susceptible to the adverse effects of superimposed infectious processes as well as congestive heart failure.

A pulmonary pathology consultation report was performed by Erika Crouch, M.D., in November of 2011. Dr. Crouch reviewed slides of Mr. Harris's lung tissue as well as his medical records. She determined that his lungs showed evidence of simple occupational pneumoconiosis. Areas of acute and organizing pneumonia were noted. It was Dr. Crouch's opinion that dust-related changes were too mild in extent and severity to have caused a degree of impairment significant enough to have caused, contributed to, or hastened Mr. Harris's death. The Occupational Pneumoconiosis Board agreed with Dr. Crouch's evaluation in a hearing before the Office of Judges on June 6, 2012. In that hearing, Jack Kinder, M.D., testified on behalf of the Board. He noted that Mr. Harris was a coal miner for forty-five years, was a cigarette smoker for two and a half years, and was awarded a total of 15% permanent partial disability during his lifetime for occupational pneumoconiosis. Dr. Kinder opined that occupational pneumoconiosis was not a material, contributing factor in Mr. Harris's death. He stated that Mr. Harris died as a result of pneumonia secondary to metastatic prostate cancer and dementia. A pulmonary function study performed a year prior to death showed only 10% impairment, which Dr. Kinder asserted was very good for a man of that age. He also opined that Dr. Crouch's report was consistent with the clinical history. Bradley Henry, M.D., and John Willis, M.D., also of the Occupational Pneumoconiosis Board, concurred with Dr. Kinder's testimony.

The claims administrator denied Mrs. Harris's request for dependent's benefits on August 30, 2010. The Office of Judges affirmed the decision in its June 28, 2012, Order. It determined that the opinions of the Occupational Pneumoconiosis Board and Dr. Crouch were more consistent with the evidentiary record than the opinions of Drs. Gaziano and Rasmussen. A May 18, 2009, x-ray revealed congestive heart failure but did not show evidence of occupational pneumoconiosis. Also, Dr. Kinder testified on behalf of the Occupational Pneumoconiosis Board that pulmonary function studies performed a year before Mr. Harris's death only showed 10% impairment. The Office of Judges determined that though both Dr. Gaziano and Dr. Rasmussen speculated as to how a finding that occupational pneumoconiosis materially contributed to Mr. Harris's death could be made, neither offered any reliable medical evidence to support their assertions. Their opinions were found to be contrary to both the x-ray and the pulmonary function study.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 18, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Compensation Comm'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The evidentiary record indicates that occupational pneumoconiosis was not a material, contributing factor in Mr. Harris's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3